EASTERN DIST.
March, 1836.

DEZIER
vs.
BOUGNON.

---

## DEZIER *vs.* BOUGNON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

A promise made by a party, to indemnify and save harmless a person who, at his request, sleeps at and guards his store of nights, *is binding*, and will authorise a jury to give damages sufficient to pay the expenses of a criminal prosecution incurred by this person, in consequence of his acceding to such promise.

This is an action in which the plaintiff claims the sum of five hundred dollars, as a compensation and indemnity for sleeping in, and guarding, the defendant's store.

The petitioner alleges that in 1829, he agreed to sleep in the defendants store for its safety and protection, which was at a great distance from his residence; and for his security and the responsibility imposed on him, the defendant agreed to save him harmless against any accident that might befal him. He further alleges, that on the night of the 29th December, 1829, an accident occurred, whilst in the discharge of his duty in guarding the store, by which he was subjected to a criminal prosecution for murder ; that the plaintiff again promised to pay all the costs and expenses he would be subjected to on this account, and that accordingly, he expended five hundred dollars for lawyers' fees, for which he prays judgment against the defendant.

EASTERN DIST.
March, 1836.

DEZIER
vs.
HOUGNON.

The defendant excepted that the petition contained no cause of action on its face; that it is vague, uncertain and obscure in its allegations, and that the injury charged as resulting to the plaintiff, appears by his own statement to have been the result of accident and misfortune, &c., for which the defendant is in no way responsible. He prays to be dismissed with his costs.

The cause was submitted to a jury on this issue, who, upon hearing the testimony, returned a verdict for the plaintiff of five hundred dollars. After overruling a motion for a new trial, judgment was rendered in conformity with the verdict. The defendant appealed.

*Labauve* and *Stacy*, for the plaintiff, stated, this case turned altogether on matters of fact, of which the jury were the rightful judges.

*Hiriart* and *Burk*, for appellant.

*Martin, J.*, delivered the opinion of the court.

In this case the plaintiff charges in his petition, that being in the employment of the defendant to do certain carpenter's work, and the latter being a merchant, had his store at a great distance from his dwelling house, and it being much exposed to depredations, he prevailed on the petitioner to go and sleep there of nights, for the protection and security of the house and its contents; that he did so, as requested, for a while without stipulating for any compensation; but afterwards, the defendant agreed to keep, and save him harmless from any accidents or consequences injurious to himself, resulting from his responsible and exposed situation. He further states, that a murder, or homicide, was committed in the house while he continued his nightly watches, for which he was arrested and imprisoned on suspicion, from his peculiar situation; that the defendant repeated his former promises to indemnify and save him harmless from loss and injury, the consequence of complying with the defendant's repeated requests. The plaintiff further charges, that he was put to

EASTERN DIST. *March*, 1836.

*A promise made by a party to indemnify and save harmless a person, who at his request sleeps at and guards his store of nights, is binding, and will authorise a jury to give damages, sufficient to pay the expenses of a criminal prosecution incurred by this person, in consequence of his acceding to such promise.*

great cost and expense to defend himself, and obtain his liberty, for which he seeks indemnity from the defendant.

On the trial before the jury, the plaintiff obtained a verdict of five hundred dollars against the defendant. From judgment rendered thereon, the latter appealed.

It is clear that the promise made by the defendant, of an indemnification to the plaintiff, before he was apprised of the unfortunate and distressed situation in which the latter was placed, in consequence of his compliance with the request of the former, is binding on him. The damages, however, awarded to the plaintiff have appeared to this court as high. But there is evidence in the record, that the sum thus allowed, was actually paid by the plaintiff to his lawyer for defending him against the criminal charge, against which he was indemnified. The jury have considered that he was entitled to recover this sum from the defendant, and their award, in this matter, must stand.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.